UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY POWERS,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | Case No. 20-cv-04244-HSG<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING REQUEST FOR STAY AND ABEYANCE**<br><br>Re: Dkt. Nos. 2, 6 |

Petitioner, a state prisoner incarcerated at Mule Creek State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Napa County Superior Court. Dkt. No. 1 at 1. His request to proceed *in forma pauperis* is GRANTED. Dkt. No. 6.

**BACKGROUND**

On April 27, 2017, petitioner pled guilty in Napa County Superior Court to identity theft (Cal. Pen. Code § 530.5(a)) and possessing a controlled substance. Dkt. No. 1 at 1-2, 13. The plea bargain contemplated a two year prison sentence, to be increased to six years if petitioner failed to appear at sentencing or committed any new offense. Dkt. No. 1 at 14. On May 30, 2107, petitioner failed to appear for sentencing. On November 1, 2017, petitioner moved to withdraw his plea, and on January 3, 2018, he withdrew this motion. He was sentenced to six years in prison, in accord with the plea agreement. Dkt. No. 1 at 15.

Petitioner filed an appeal, a state habeas petition, and a request for relief from the certificate of probable cause requirement in the California Court of Appeal. On May 21, 2019, the appeal was dismissed for failure to obtain a certificate of probable cause authorizing the appeal, and the state habeas petition and request for relief were denied. Dkt. No. 1 at 13-23.

1    Petitioner filed a petition for review in the California Supreme Court, which was denied on
2    August 14, 2019. Dkt. No. 1 at 22.
3    On or about June 17, 2020, petitioner filed the instant federal habeas petition.[1] Dkt. No. 1.
4    Petitioner states that he has recently discovered additional claims and requests that the Court stay
5    and abey this petition so that he may exhaust these claims in state court. Dkt. No. 2.

## DISCUSSION

### A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.   Claims

Petitioner alleges the following grounds for federal habeas relief: (1) his guilty plea was not knowing, voluntary, or intelligent because trial counsel did not advise him that his offense could have been reclassified as a misdemeanor pursuant to Proposition 47; and (2) trial counsel was ineffective for failing to file a Proposition 47 motion to reclassify his offense as a misdemeanor. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (by pleading guilty defendant waived right to challenge pre-plea violation of Speedy Trial Act); *Moran v. Godinez*, 57

---

[1] The Court affords petitioner application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities). It appears that petitioner gave his petition to prison authorities for mailing on or about June 17, 2020. Dkt. No. 1-1 at 1-2.

F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation); *see also Hudson v. Moran*, 760 F.2d 1027, 1030 (9th Cir.) (finding no constitutional violation where defendant was not informed that guilty plea would foreclose subsequent habeas relief). Plaintiff's second claim is therefore not cognizable under § 2254. However, liberally construed, Claim No. 1 appears cognizable under § 2254 and merits an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**C.  Request for Stay**

Petitioner states that he has recently discovered two new claims that he has not yet exhausted. The two new claims for federal habeas relief are that (1) petitioner was denied his right to due process and right to effective assistance of appellate counsel when appellate counsel failed to adequately investigate and argue that petitioner was actually innocent of committing identity theft, and (2) petitioner was denied his right to due process and effective assistance of counsel when trial counsel failed to adequately investigate the circumstances of his arrest, failed to adequately investigate the law governing his arrest, and failed to object on proper legal grounds that the prosecution had over-charged or improperly charged petitioner with identity theft. Dkt. No. 1 at 2. Petitioner requests that the Court stay these proceedings and hold the petition in abeyance while he exhausts state court remedies for these two claims.

It is well-settled that a district court has the discretion to hold in abeyance a petition containing only exhausted claims. *Calderon v. United States Dist. Court (Thomas)*, 144 F.3d 618, 620 (9th Cir. 1998), *abrogated on other grounds recognized in Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir. 1998); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that its holding in *Taylor* in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." *Taylor*, 134 F.3d at 988 n.11. Rather, a stay should be granted in exceptional cases if: (1) the claims the petition seeks to pursue are cognizable under § 2254; (2) there is a likelihood of prejudice to the petitioner should a stay be denied; and (3) there is no

3

1    evidence that the motion for a stay is brought to delay, to vex, or harass, or that the request is an
2    abuse of the writ. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301–02 (9th Cir. 1993). In addition, a
3    district court cannot stay habeas proceedings indefinitely pending exhaustion in state court as to
4    do so would make this Court's compliance with the AEDPA's requirement for prompt resolution
5    of § 2254 petitions impossible.

     Considering the factors set forth by the Ninth Circuit in *Fetterly*, the Court finds that a stay
7    is not warranted here.

     Only one of petitioner's two proposed claims is cognizable under § 2254. Liberally
9    construed, petitioner's first proposed unexhausted claim appears to state a cognizable claim under
10   § 2254. However, petitioner's second proposed unexhausted claim fails to state a cognizable
11   claim under § 2254 because it relates to the deprivation of constitutional rights that occurred
12   before the plea of guilty, *see Haring*, 462 U.S. at 319-20.

13   Denying a stay would not prejudice petitioner for two reasons.

14   First, petitioner has sufficient time to seek federal habeas relief for his proposed
15   unexhausted claims. Petitioner is correct that, currently, his one-year statute of limitations for
16   filing a federal habeas petition is November 12, 2020. 28 U.S.C. § 2244(d)(1)(A). However,
17   pursuant to § 2244(d)(2), the time during which a properly filed application for state post-
18   conviction or other collateral review with respect to the pertinent judgment or claim is pending is
19   not counted towards the limitations period. Accordingly, if petitioner seeks state collateral review
20   with respect to the unexhausted claims, his limitations period would be tolled. Petitioner has over
21   six weeks remaining in the limitations period, and a properly filed state habeas petition to exhaust
22   the proposed claims set forth above would toll the limitations period and allow petitioner
23   sufficient time to timely amend this petition to add the newly exhausted claims.

24   Second, regardless of whether a stay is granted, the filing date of the first proposed
25   unexhausted claim would be date the amended petition is filed and not the date that the original
26   petition was filed (June 17, 2020). In other words, the amended petition raising the first proposed
27   unexhausted claim would not "relate back" to the filing date of the original petition for purposes of
28   calculating timeliness under AEDPA's limitations period for the new claims raised in the amended

petition. An amendment made after AEDPA's one-year statute of limitations has run relates back to the date of the original pleading when the amendment "asserts one or more claims that arise out of 'the conduct, transaction, or occurrence' that the original petition "set out" or "attempted to . . . set out." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (en banc) (quoting Fed. R. Civ. P. 15(c)(1)(B)). Here, petitioner's first proposed unexhausted claim alleges ineffective assistance of appellate counsel whereas the instant petition challenges the voluntary knowing, and intelligent nature of his plea.[2] The first proposed unexhausted claim asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original petition. Accordingly, the first proposed unexhausted claim would not relate back to the filing date of the original petition. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.") (finding that new coerced confession claim did not relate back to original petition that raised only factually distinct Confrontation Clause claim).

Finally, while there is nothing indicating that the motion for a stay is brought to delay, to vex, or harass, or that the request is an abuse of the writ, there is also no indication that petitioner is seeking to promptly exhaust his proposed claims. It is unclear if petitioner has commenced state collateral proceedings or how he is otherwise promptly exhausting the unexhausted claims.

Petitioner has not demonstrated that this is an exceptional case which warrants a stay. Keeping in mind the AEDPA's requirement for prompt resolution of § 2254 petitions, the Court DENIES petitioner's request for a stay. However, petitioner may seek leave to amend the petition once he has fully exhausted his proposed claims.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 6.

---

[2] As explained *supra*, the petition's other claim of ineffective assistance of trial counsel is not cognizable under § 2254. Accordingly, the Court does not consider this claim in determining whether an amended petition alleging ineffective assistance of appellate counsel would relate back to the only cognizable claim in the operative petition.

2. Petitioner's request for a stay is DENIED without prejudice to petitioner requesting leave to amend the petition once he has fully exhausted his proposed claims. Dkt. No. 2.

3. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California at Dkt. No. 1. The Clerk shall serve by mail a copy of this order on petitioner.

4. Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

5. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7. Upon a showing of good cause, requests for a reasonable extension of time will be

granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. Nos. 2, 6.

**IT IS SO ORDERED.**

Dated: 9/28/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge