UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY POWERS,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | Case No. 20-cv-04244-HSG<br><br>**ORDER DENYING REQUEST FOR COUNSEL; DENYING REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. No. 12 |

    Petitioner, a state prisoner incarcerated at Mule Creek State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Napa County Superior Court. Dkt. No. 1 at 1. Petitioner has filed a pleading with the Court requesting that the Court appoint him an advisor to assist him with this action, and requesting an extension of time. Dkt. No. 12. Petitioner reports that he is housed in an area of Mule Creek State Prison that has been shut down as part of a quarantine process and that he has no access to the law library. *Id.* Petitioner also reports that he has been diligently seeking assistance of counsel and habeas relief. *Id.*

    The Court construes Petitioner's request for an advisor as a request for appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural,

legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196. The Court finds that the interests of justice do not warrant the appointment of counsel at this time because the issues are not complex, Petitioner has presented his claims adequately, and Petitioner will presumably have access to legal resources after the quarantine is lifted. The Court therefore exercises its discretion and DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so require. *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion in denying appointment of counsel where pleadings illustrated that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (no abuse of discretion in denying request for appointment of counsel where petitioner was over 60 and had no background in law, but thoroughly presented issues in petition and accompanying memorandum).

The Court construes Petitioner's request to "extend to a later date," Dkt. No. 12 at 1, as a request to continue pending Court deadlines. The Court DENIES this request as premature. Respondent's answer to the order to show cause is due on November 27, 2020. If, after receiving the answer, Petitioner finds that he requires an extension of time to file his traverse, he may file a request with the Court at that time. In requesting an extension of time from the Court, Petitioner should specify how much additional time he requires to prepare the relevant pleading.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 11/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2