UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY POWERS,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | Case No. 20-cv-04244-HSG<br><br>**ORDER DENYING REQUEST TO ORDER PRISON OFFICIALS TO FILE EVIDENCE; GRANTING EXTENSION OF TIME TO FILE TRAVERSE; DIRECTIONS TO CLERK**<br><br>Re: Dkt. No. 18 |

Petitioner, a state prisoner incarcerated at Mule Creek State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Napa County Superior Court. Dkt. No. 1 at 1. On January 7, 2021, Respondent filed an answer to the Court's Order to Show Cause. Dkt. No. 17. Petitioner has filed a letter with the Court stating that prison officials confiscated a USB drive sent to him by his public defender, Cynthia Kairy, which contained exculpatory evidence. Dkt. No. 18 at 1, 3. Petitioner states that he can timely file his traverse if he can access this USB drive. Dkt. No. 18 at 1. Petitioner requests that the Court order prison officials to file this USB drive in this case. Dkt. No. 18 at 3. Petitioner's request is DENIED. The Court's jurisdiction over prison officials in this habeas action is limited to ordering Petitioner's release if he is entitled to federal habeas relief. The Court cannot order prison officials to file items or evidence with this Court. In light of Petitioner's representation that this USB drive is necessary to prepare his traverse, the Court *sua sponte* GRANTS Petitioner an extension of time to March 12, 2021 to file his traverse.

Petitioner has also alleged that he is not receiving proper medical care and that he has been denied the ability to earn good time credit. Petitioner also asks if prison officials violated his legal rights by confiscating the USB drive when it was labelled legal mail. Dkt. No. 18 at 1, 3. To the

extent that Petitioner believes that his conditions of confinement are unconstitutional or that prison officials have violated his constitutional rights, such claims cannot be addressed in the instant action, and must be brought in a 42 U.S.C. § 1983 civil rights action. The Clerk of the Court is directed to send Petitioner two copies of the court's civil rights complaint form, should he wish to seek relief for these alleged constitutional violations. The Court cannot provide litigants with legal advice or answer any legal questions.

**IT IS SO ORDERED.**

Dated: 2/5/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2