1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    ANTHONY POWERS,                         Case No.  20-cv-04244-HSG
8                    Petitioner,             **ORDER DENYING PETITION FOR A**
                                             **WRIT OF HABEAS CORPUS;**
9           v.                               **DENYING CERTIFICATE OF**
                                             **APPEALABILITY**
10   PATRICK COVELLO,
11                   Respondent.
12

United States District Court
Northern District of California

13          Petitioner, a state prisoner incarcerated at Mule Creek State Prison, has filed this *pro se*

14   action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a

15   conviction obtained against him in state court.  Dkt. No. 1 ("Pet.").  Respondent has filed an

16   answer (Dkt. Nos. 16, 17), and Petitioner has filed a traverse (Dkt. No. 20).  The Court has

17   carefully considered the briefs submitted by the parties.  For the reasons set forth below, the

18   petition is DENIED.

19                          **I.  PROCEDURAL HISTORY**

20          On April 27, 2017, Petitioner pled no contest in Napa County Superior Court to misuse of

21   personal identifying information (Cal. Penal Code § 530.5(a)) and misdemeanor possession of

22   methamphetamine (Cal. Health & Safety Code § 113377(a)) and admitted having a prior strike

23   conviction.  Petitioner entered his plea as part of a plea bargain that provided for a two-year

24   sentence or, if he failed to appear for subsequent hearings, a six-year sentence.  Petitioner was

25   released from custody on the day of his plea.  Ans., Ex. 1 ("CT") at 30-36 and Ex. 2 ("RT") at

26   255-59.[1]  The sentencing hearing was scheduled for May 30, 2017, but Petitioner failed to appear.

27

28   _____
     [1] The exhibits to the Answer are docketed at Dkt. No. 17.

1    CT at 37.  On November 1, 2017, Petitioner moved to withdraw his plea, and on January 3, 2018,

2    he withdrew that motion.  Pet. at 15.  On January 5, 2018, the trial court sentenced Petitioner to six

3    years in state prison.  CT at 69.

4         Petitioner appealed.  CT at 82.  On or about June 21, 2018, Petitioner filed an application

5    for relief from the certificate of probable cause requirement (Cal. Penal Code § 1237.5) in his

6    appeal and argued that his attorney had been ineffective for failing to request a certificate.  Ans.,

7    Ex. 4.  He also filed a habeas petition in the California Court of Appeal raising the following

8    arguments:  (1) his plea was involuntary under applicable federal standards because he was not

9    informed that his offense could have been reclassified as misdemeanor shoplifting pursuant to

10   Proposition 47; and (2) trial counsel was ineffective for failing to make a motion to reclassify his

11   offense as misdemeanor shoplifting pursuant to Proposition 47, for failing to advise Petitioner that

12   the offense could have been reclassified, and for failing to seek to withdrew the plea on the

13   grounds that it was involuntary in the absence of Petitioner's knowledge of the potential for

14   reclassification.  Ans., Ex. 5 (Dkt. No. 17-22).  On September 5, 2018, the California Court of

15   Appeal ordered the habeas petition consolidated with the appeal and directed the Attorney General

16   to provide an informal response.  Ans., Ex. 7 (Dkt. No. 17-24).

17        On May 21, 2019, the California Court of Appeal issued an unpublished opinion, finding

18   that the claims raised in the appeal were forfeited by Petitioner's failure to obtain a certificate of

19   probable cause, and that Petitioner's ineffective assistance of counsel claim did not excuse the

20   failure and did not "surmount the lack of a certificate . . ."  Ans., Ex. 11 at 6 (Dkt. No. 17-28 at 7).

21   The California Court of Appeal denied the application for relief from the certificate of probable

22   cause requirement, dismissed the appeal, and denied the petition for writ of habeas corpus.  Ans.,

23   Ex. 11 (Dkt. No. 17-28).

24        Petitioner filed a petition for review of the denial of the appeal and habeas petition in the

25   California Supreme Court.  Ans., Ex. 12.  In this petition, Petitioner argued that (1) the state

26   appellate court erred in finding that Petitioner was precluded from raising his claims as a result of

27   his failure to obtain a certificate of probable cause because Petitioner could not have raised either

28   claim on appeal since the claims relied on evidence outside of the appellate record; and (2) he was

United States District Court
Northern District of California

United States District Court
Northern District of California

1    entitled to relief on the merits of both claims.  The California Supreme Court summarily denied

2    the petition for review on August 14, 2019.  Ans., Ex. 13 (Dkt. No. 17-30).

3        On February 14, 2020, Petitioner filed in superior court a motion for modification of his

4    sentence pursuant to Cal. Senate Bill No. 1392,[2] and a motion for resentencing pursuant to Cal.

5    Senate Bill No. 136 ("SB 136").[3]  On March 4, 2020, the superior court denied the motion for

6    modification of the sentence as too vague and/or unsupported by sufficient evidence, and denied

7    the motion for resentencing under Cal. Senate Bill No. 136 on the grounds that the judgment was

8    final and the conviction did not qualify for the relief sought.  Ans., Ex. 14 at 60-68 (Dkt. No. 17-

9    31 at 62-70).

10       On May 18, 2020, Petitioner filed a resentencing motion in Napa County Superior Court.

11   Ans., Ex. 14 at 69-84.  On June 11, 2020, the superior court denied the petition with a citation to

12   *People v. Jimenez*, 9 Cal. 5th 53 (Cal. 2020).  Ans., Ex. 14 at 85 (Dkt. No. 17-31 at 87).  In

13   *Jimenez*, the California Supreme Court held that Proposition 47 does not allow for the reduction of

14   a felony conviction for misuse of personal identifying information under Cal. Penal Code

15   § 530.5(a) to misdemeanor shoplifting.  *People v. Jimenez*, 9 Cal.5th 53, 58 (Cal. 2020).

16       Petitioner appealed the superior court's decision not to reduce his felony conviction to a

17

18   _____

     [2] It is unclear if the reference to Senate Bill No. 1392 is a typographical error.  California Senate
19   Bill No. 1392 proposed to repeal California's one-year enhancement for each prior prison or
     felony jail term.  However, based on online legislative records, it does not appear that this bill
20   passed into law.  *See* Bill Status, SB 1392 – Sentencing (2017-2018), California Legislative
     Information, located at
21   https://leginfo.legislature.ca.gov/faces/billVotesClient.xhtml?bill_id=201720180SB1392.
     Petitioner may be referring to Senate Bill No. 1393, effective January 1, 2019, which amended
22   Cal. Penal Code § 667 to allow courts the discretion to strike a prior serious felony conviction
     enhancement.  2017 Cal. Senate Bill No. 1393, Cal. 2017-2018 Regular Session; Cal. Stats. 2018,
23   ch. 1013, §§ 1, 2.
     [3] Senate Bill No. 136, signed on Oct. 8, 2019 and effective January 1, 2020, amended Cal. Penal
24   Code § 667.5(b).  Prior to Cal. Senate Bill No. 136 (2020), Section 667.5(b) imposed a separate
     consecutive one-year enhancement term for persons who had served a prior prison or county jail
25   felony term.  Cal. Senate Bill No. 136 (2020) amended Cal. Penal Code § 667.5(b) to limit the
     enhancement to persons who had served a prior prison term for sexually violent offenses as
26   defined in Cal. Wel. & Inst. § 6600(b).  2019 Cal. Legis. Serv. Ch. 590 (S.B. 136); Cal. Stats.
     2019, ch. 590 (S.B. 136), § 1, eff. Jan. 1, 2020.  Cal. Senate Bill No. 136 (2020) applies only to
27   cases not yet final as of January 1, 2020 and does not apply retroactively.  *See, e.g.*, *Hernandez v.
     Calif.*, No. 2:20-CV-05930-JLS-JC, 2021 WL 6618812, at *5 (C.D. Cal. Nov. 3, 2021), *report and
28   recommendation approved*, No. 2:20-CV-05930-JLS-JC, 2022 WL 344965 (C.D. Cal. Feb. 3,
     2022).  Cal. Senate Bill No. 136 therefore does not apply to Petitioner's conviction.

misdemeanor.  Petitioner's court-appointed counsel also filed a brief seeking the appellate court's independent review of the record pursuant to *People v. Wende*, 25 Cal.3d 436 (Cal. 1979), to determine whether there were any arguable issues on appeal.  Ans., Ex. 14 at 86.  On September 28, 2020, in an unpublished opinion, the California Court of Appeal affirmed the superior court's denial of the resentencing motion, and, after reviewing the entire record, found that there were no issues which required further briefing.  Ans., Ex. 15.

On or about June 17, 2020,[4] Petitioner filed the current petition alleging the following claim for federal habeas relief:[5] the guilty plea was not knowing, voluntary, or intelligent because trial counsel did not advise Petitioner that his offense could have been reclassified as a misdemeanor pursuant to Proposition 47.  Dkt. No. 1.

## II.  BACKGROUND

The following factual background is taken from the May 21, 2019 opinion of the California Court of Appeal:[6]

> On October 26, 2016, Powers's car was pulled over by American Canyon police when he failed to proceed through an intersection after the light changed to green. He appeared to be inebriated, his license was suspended or revoked, and his wallet contained numerous identification cards, drivers' licenses, and credit cards belonging to six different individuals. One of those individuals later told police that one credit card found in Powers's possession had been stolen and used at a Kentucky Fried Chicken near the scene of the theft. A baggy containing methamphetamine, a glass smoking pipe and an open bottle of vodka were found in the car. Powers had a 30-year criminal history, was on probation in Solano and Sacramento counties, and would possibly serve a lengthy sentence in his Sacramento cases.

---

[4] The Court affords Petitioner application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from date prisoner delivers it to prison authorities).  Petitioner gave his petition to prison authorities for mailing on or about June 17, 2020.  Dkt. No. 1-1 at 1-2.

[5] Petitioner also alleged a second claim for federal habeas relief, contending that trial counsel was ineffective for failing to file a Proposition 47 motion to reclassify his offense as a misdemeanor. Dkt. No. 1.  The Court found that that this claim was not cognizable because a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.  Dkt. No. 10 at 2.  The Court also denied Petitioner's request that the Court stay and abey this action so that Petitioner could exhaust two additional claims.  Dkt. No. 10 at 3-5.

[6] The Court has independently reviewed the record as required by AEDPA.  *Nasby v. McDaniel*, 853 F.3d 1049, 1055 (9th Cir. 2017).  Based on the Court's independent review, the Court finds that it can reasonably conclude that the state court's summary of facts is supported by the record and that this summary is therefore entitled to a presumption of correctness, *Taylor v. Maddox*, 366 F.3d 992, 999–1000 (9th Cir. 2004), unless otherwise indicated in this order.

United States District Court
Northern District of California

The Napa County district attorney charged Powers with one count of felony identity theft (§ 530.5, subd. (a)), six counts of misdemeanor identifying information theft (§ 530.5, subd.(c)(1)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), possession of an injection/ingestion device (Health & Saf. Code, § 11364, subd. (a), and driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)). The complaint alleged a prior serious or violent felony conviction pursuant to section 667, subdivisions (b) through (i).

On April 27, 2017, pursuant to a negotiated disposition, Powers entered a no contest plea to identity theft and possession of a controlled substance, admitted the prior conviction allegation, and was immediately released on his own recognizance pending sentencing. The plea bargain contemplated a two-year prison sentence, to be increased to six years if Powers failed to appear or committed any new offense.

On May 30, Powers failed to appear for sentencing. The court revoked his own-recognizance release and issued a bench warrant.

On November 1, 2017, Powers moved to withdraw his plea. He asserted his plea was involuntary because he had cancer and was on pain medication at the time, did not appreciate the risk of a six-year sentence, entered the plea against his attorney's advice, and "[t]he prospect of immediate release and influence of pain medication overcame the exercise of my free judgment." On January 3, 2018, Powers withdrew the motion. He was sentenced in accord with the plea agreement to six years in prison, consisting of the aggravated three-year term for identity theft doubled due to the prior strike conviction, plus a concurrent 100 days for the controlled substance misdemeanor.

*People v. Powers*, C No. A153361, 2019 WL 2183386, at *1-*2 (Cal. Ct. App. May 21, 2019).

### III. DISCUSSION

Respondent argues that Petitioner's claim is procedurally defaulted because he failed to obtain a certificate of probable cause as required by Cal. Penal Code § 1237.5.  In the alternative, Respondent argues that Petitioner's claim fails on the merits because his conviction under Cal. Penal Code § 530.5 is ineligible for reduction to a misdemeanor under Proposition 47.  *See* Dkt. No. 16.

### I. Standard of Review

A petition for a writ of habeas corpus is governed by AEDPA.  This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence. "[C]learly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Id.* at 405–06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

When it is clear that a claim was not adjudicated on the merits in state court, for instance because the state court invoked a procedural rule that is not a procedural bar to considering the claim in the federal habeas proceeding, the claim is subject to *de novo* review. *See Taylor v. Beard*, 811 F.3d 326, 331 n.3 (9th Cir. 2016) (en banc) (conducting *de novo* review where state courts rejected claim on procedural grounds and did not consider merits); *Pirtle v. Morgan*, 313 F.3d 1160, 1167-68 (9th Cir. 2002) (after concluding that claim was not procedurally barred, conducting *de novo* review because state supreme court never reached merits of claim).

United States District Court
Northern District of California

## II.     Traverse

In his traverse, Petitioner does not address the claim of procedural default.  Instead, the 79-page traverse raises the following additional challenges to his conviction.

First, Petitioner argues that his conduct was, at most, the misdemeanor of shoplifting because he only possessed a stolen credit card and used it to purchase $17 worth of Kentucky Fried Chicken.  He argues that his conduct constitutes misdemeanor shoplifting because misdemeanor shoplifting is defined as entering a commercial establishment with the intent to use a stolen credit card to purchase property valued at no more than $950; and that his conduct does not constitute a violation of Cal Penal Code § 530.5(a) because Section 530.5(a) prohibits the misuse of personal identifying information.  Dkt. No. 20 at 19-32.

Second, Petitioner argues that his guilty plea was neither knowing, intelligent or voluntary for the following reasons:

- the trial court did not advise him that he was waiving his *Boykin/Tahl* rights (right to a jury trial, right to confront and cross-examine witnesses, and right against self-incrimination and right to a preliminary hearing), and Petitioner did not waive these rights;

- the trial court determined that his plea was knowing, intelligent and voluntary before he had the chance to answer the trial court's question as to whether he understood that he would be sentenced to between two to six years, depending on how well he did;

- the trial court did not advise him of the maximum parole period;

- the trial court did not ask him if he had discussed with trial counsel the elements of identity theft and possible defenses;

- his guilty plea was neither knowing, intelligent or voluntary, as evidenced by his statements at the January 5, 2018 sentencing when he informed the Court that "nobody" had told him that he would be on parole after serving his sentence; that he was surprised to learn that his six year sentence would be served at 80% because his counsel had told him that it would be served at 50%; and that he wanted to appeal the plea;

- trial counsel waived time for sentencing without Petitioner's consent;

- the trial court violated Cal. Penal Code § 1192.5 because it failed to establish a factual basis prior to Petitioner entering his plea and if the trial court had required Petitioner to provide the factual basis, the trial court would have rejected Petitioner's plea because Petitioner's conduct did not violate Cal. Penal Code § 530.5(a);

- Petitioner could have not have knowingly or voluntarily consented to the guilty

plea because he was heavily medicated with psychotic medications, specifically Risperidone, Mirtazapine, and Duloxetine;

- the trial court did not advise him that approval of the plea is not binding on the sentencing court and that the sentencing court could withdraw its approval; and

- Petitioner should not have been deemed to have waived his right to appeal the challenge the validity of the plea and the validity of the admission of the plea.

Petitioner further argues that the plea bargain was breached because the plea did not include the provision that his two-year sentence would double if he failed to appear for his probation interview or sentencing, or if he committed a new offense. Dkt. No. 20 at 33-60. Petitioner states that these arguments regarding his guilty plea were not presented to the state appellate court because appellate counsel was ineffective. Dkt. No. 20 at 78.

Third, Petitioner argues that both his trial counsel and appellate counsel failed to provide effective assistance because they entirely failed to subject the prosecution's case to meaningful adversarial testing by (1) failing to challenge the illegal and unreasonable search and seizure of Petitioner's wallet and its contents; (2) failing to challenge the prosecutor's decision to charge Petitioner for a violation of Cal. Penal Code § 530.5(a) despite Petitioner's conduct not being prohibited by Section 530.5(a); (3) disregarding Petitioner's specific instructions regarding his actions constituting only petty theft and what issues to raise on appeal; (4) failing to adequately file a notice of appeal to challenge the validity of the plea and the admission of the plea; (5) filing a defective application for relief from the certificate of probable cause requirement by attaching an undated amended notice of appeal and request for a certificate of probable cause; (6) failing to include in the appeal a claim that trial counsel was ineffective for failing to file a request for a certificate of probable cause; and (7) failing to raise grounds 1 and 2 in the appeal.

None of these arguments were raised in the petition. *See generally* Dkt. No. 1. And there is nothing in the record indicating that these claims were presented to the California Supreme Court. *See* Ans., Exs. 12.

"A traverse is not the proper pleading to raise additional grounds." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Nevertheless, a district court "has discretion, but is not required to" consider evidence and claims raised for the first time after the filing of the petition. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *United States v. Howell*, 231 F.3d

8

1   615, 621 (9th Cir. 2000).  This includes new claims raised by a petitioner in the traverse.  *See, e.g.,*

2   *Jackson v. Roe*, 425 F.3d 654, 655 n.1 (9th Cir. 2005) (noting magistrate judge's consideration of

3   new claim raised for first time in traverse).  Here, the Court declines to address the remaining new

4   arguments raised in the traverse because these claims are unexhausted.  Pursuant to 28 U.S.C.

5   § 2254(b), habeas relief may not be granted unless a petitioner has exhausted his state remedies,

6   which requires that the petitioner's contentions be fairly presented to the state courts and disposed

7   of on the merits by the highest state court.  *See James v. Borg*, 24 F.3d 20, 24 (1994).

8   **III.    Procedural Default**

9          **1.       Standard**

10          A federal court will not review questions of federal law decided by a state court if the

11   decision also rests on a state law ground that is independent of the federal question and adequate

12   to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).  In the context of

13   direct review by the United States Supreme Court, the "adequate and independent state ground"

14   doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity

15   and federalism.  *Id.*  The procedural default rule is a specific instance of the more general

16   "adequate and independent state grounds" doctrine.  *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir.

17   1994).

18          For a state procedural rule to be "independent," the state law basis for the decision must

19   not be interwoven with federal law.  *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983); *Harris v.*

20   *Reed*, 489 U.S. 255, 265 (1989).  "A state law ground is so interwoven if 'the state has made

21   application of the procedural bar depend on an antecedent ruling on federal law [such as] the

22   determination of whether federal constitutional error has been committed.'"  *Park v. Calif.*, 202

23   F.3d 1146, 1152 (9th Cir. 2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).  For a state

24   procedural rule to be "adequate," the rule must be "firmly established and regularly followed."

25   *Johnson v. Lee*, 578 U.S. 605, 606 (2016) (quoting *Walker v. Marti*n, 562 U.S. 307, 316 (2011)).

26   To determine whether a procedural rule is adequate, the Court must determine whether the

27   procedural rule was "clear, consistently applied, and well-established at the time of petitioner's

28   purported default."  *Powell v. Lambert*, 357 F.3d 871, 874 (9th Cir. 2004).

United States District Court
Northern District of California

United States District Court
Northern District of California

1        In cases in which a state prisoner has defaulted his federal claims in state court under an

2   independent and adequate state procedural rule, federal habeas review of the claims is barred

3   unless the prisoner can demonstrate (1) cause for the default and actual prejudice because of the

4   alleged violation of federal law or (2) that failure to consider the claims will result in a

5   fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see Bousley v. United States*, 523

6   U.S. 614, 622-23 (1998) (applying cause and prejudice standard and actual innocence exception in

7   context of challenge to guilty plea); *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000)

8   (same).  The cause standard requires the petitioner to show that "'some objective factor external to

9   the defense impeded counsel's efforts'" to construct or raise the claim." *McCleskey v. Zant*, 499

10  U.S. 467, 493 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Objective factors that

11  constitute cause include interference by officials that makes compliance with the state's procedural

12  rule impracticable, or a showing that the factual or legal basis for a claim was not reasonably

13  available to counsel.  *See id.* at 493–94.

14       If a state prisoner cannot meet the cause and prejudice standard, a federal court may still

15  hear the merits of the procedurally defaulted claim if the failure to hear the claim would constitute

16  a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391–92 (2013) (holding that

17  miscarriage of justice (actual innocence) showing applies to procedurally defaulted claims).  The

18  Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show

19  that "a constitutional violation has probably resulted in the conviction of one who is actually

20  innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray*, 477 U.S. at 496); *see*

21  *Johnson v. Knowles*, 541 F.3d 933, 936–38 (9th Cir. 2008) ("[t]he miscarriage of justice exception

22  is limited to those extraordinary cases where the petitioner asserts his innocence and establishes

23  that the court cannot have confidence in the contrary finding of guilt.").  "To be credible, [an

24  actual innocence] claim requires petitioner to support his allegations of constitutional error with

25  new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

26  accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

27  This does not mean a petitioner need always affirmatively present physical evidence that he did

28  not commit the crime with which he is charged. *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th

1     Cir. 2002).  The required evidence must create a colorable claim of actual innocence (i.e., that the

2     petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a

3     result of legal error).  *Schlup*, 513 U.S. at 321.  It is not enough that the evidence shows the

4     existence of reasonable doubt: the petitioner must show "that it is more likely than not that no

5     reasonable juror would have convicted him."  *Id.* at 329 (internal quotation marks omitted).

6          **B.     Discussion**

7          Petitioner has not addressed Respondent's procedural default argument.  Having carefully

8     reviewed the relevant state laws and federal and state caselaw, the Court finds that California's

9     requirement that a criminal defendant obtain a certificate of probable cause prior to appealing a

10    judgment based on a guilty plea is an independent and adequate state procedural rule that bars

11    federal habeas review.

12         "[A] defendant generally may not take an appeal from a judgment of conviction entered on

13    a plea of guilty . . . except on grounds going to the legality of the proceedings, including the

14    validity of his plea."  *People v. Mendez*, 19 Cal. 4th 1084, 1094 (1999).  The California Penal

15    Code allows a defendant to appeal a judgment of conviction following a guilty plea on grounds

16    that affect the validity of the plea[7] *only if* the defendant meets the procedural requirements set

17    forth in Cal. Penal Code § 1237.5 and Cal. R. Ct. 8.304(b)(1), 8.308(a).  *See In re Chavez*, 30 Cal.

18    4th 643, 650-51 (2003) (referring to versions of Cal. R. Ct. 8.304(b)(1), 8.308(a) in effect at the

19    time); *Mendez*, 19 Cal. 4th at 1094-95 (same).  Cal. Penal Code § 1237.5 and Cal. R. Ct.

20    8.304(b)(1) require that, first, the defendant file with the trial court a written statement, executed

21    under oath or penalty of perjury, showing reasonable constitutional, jurisdictional, or other

22    grounds going to the legality of the proceedings and then, within twenty days of that filing, the

23    superior court must sign and file either a certificate of probable cause or an order denying the

24    certificate.  Cal. Penal Code § 1237.5; Cal. R. Ct. 8.304, 8.308(a).  Cal. R. Ct. 8.308(a) requires

25    that the written statement required by Cal. Penal Code § 1237.5 "be filed within 60 days after the

26

27    _____

      [7] If the defendant is appealing from a superior court judgment after a guilty plea on grounds that
28    do not affect the validity of the plea or admission, the defendant need not file the written statement
      required by Cal. Penal Code § 1237.5 for issuance of a certificate of probable cause.  Cal. R. Ct.
      8.304(b)(2).

United States District Court
Northern District of California

rendition of the judgment or the making of the order being appealed." Cal. R. Ct. 8.308(a).

*Mendez*, 19 Cal. 4th at 1095.  If a defendant fails to fully and timely comply with these

requirements, the California appellate court is deprived of jurisdiction to consider the merits of the

appeal.  *Id.* at 1096 (California Court of Appeal "must order dismissal" of appeal of judgment

following guilty plea if defendant has not timely filed statement of certificate and obtained

certificate of probable cause); *see also People v. Way*, 113 Cal. App. 4th 733, 736 (Cal. Ct. App.

2003).  The California Supreme Court explained that the certificate of probable cause requirement

is intended "to promote judicial economy . . . by screening out wholly frivolous guilty . . . plea

appeals before time and money are spent on such matters as the preparation of the record on

appeal . . ., the appointment of appellate counsel . . ., and, of course, consideration and decision of

the appeal itself."  *Chavez*, 30 Cal. 4th at 651.

The requirement for challenging a judgment of conviction arising out of a guilty plea – that

the defendant must timely obtain a certificate of probable cause – is an independent and adequate

state ground for finding a procedural default.  The requirement is not interwoven with federal law

and does not depend on an antecedent ruling on federal law.  Cal. Penal Code § 1237.5 and Cal. R.

Ct. 8.304(b), 8.308 do not reference federal law and are wholly unrelated to federal law.  The

requirement is an adequate state law ground because, at the time of Petitioner's default, this

requirement was clear, consistently applied, and well-established.  The language of Cal. Penal

Code § 1237.5 and Cal. R. Ct. 8.304(b), 8.308 is clear, and caselaw indicates that the requirement

was well-established and consistently applied at the time that Petitioner was convicted.  *See, e.g.*,

*Chavez*, 30 Cal. 4th at 653 (holding that because certificate of probable cause requirement is

intended to promote judicial economy, appeals from judgment of conviction following guilty plea

"should be accorded less leniency than other appeals, rather than more, when we consider possible

exemption from a procedural requirement," and concluding that appellate court was not authorized

to relieve defendant from default caused by failure to timely comply with Cal. Penal Code

§ 1237); *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000) (explaining that probable cause

certificate is state "prerequisite" to filing appeal from guilty plea); *Strong v. Sullivan*, 265 F.

App'x 489, 490 (9th Cir. 2008) (federal habeas court procedurally barred from reviewing

1    petitioner's claim based on voluntariness of plea because state court's denial of claim was based

2    on independent and adequate state procedural ground requiring compliance with Cal. Penal Code

3    § 1237.5).[8]

4         Petitioner has not shown either cause or prejudice to excuse the procedural default.  In his

5    traverse, Petitioner alleges that trial counsel was ineffective for failing to timely seek a certificate

6    of probable cause.  A petitioner may show cause by establishing constitutionally ineffective

7    assistance of counsel, but attorney error short of constitutionally ineffective assistance of counsel

8    does not constitute cause and will not excuse a procedural default.  *See McCleskey*, 499 U.S. at

9    494; *Carrier*, 477 U.S. at 486–88.  To constitute cause, the claim of ineffective assistance of

10   counsel must have been presented as an independent claim to the state courts.  *See Carrier*, 477

11   U.S. at 489.  A procedurally defaulted ineffective assistance of counsel claim is not cause to

12   excuse the default of another habeas claim unless the petitioner can satisfy the cause and prejudice

13   standard with respect to the ineffective assistance of counsel claim itself.  *See Edwards v.*

14   *Carpenter*, 529 U.S. 446, 451–51(2000); *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003).

15        Here, Petitioner did not present to the state courts an independent ineffective assistance of

16   counsel claim based on trial counsel's failure to timely seek a certificate of probable cause.[9]

17   Accordingly, this ineffective assistance of counsel claim cannot serve as cause to excuse the

18   procedural default.  Because Petitioner has not demonstrated cause, he cannot satisfy the cause and

19   prejudice standard.  Regardless, Petitioner cannot show prejudice because, as discussed below, the

20   law regarding the applicability of Proposition 47 and Section 459.5 to convictions for Section

21   530.5 was unsettled at the time that Petitioner pled guilty and while he was pursuing his appeal.

22   Because the law was unsettled, it is unclear that the trial court would have granted a certificate of

23   probable cause on the question of whether Petitioner's conduct could have been reclassified as a

24

25   _____

     [8] As an unpublished opinion, *Sullivan* is not precedent, but may be considered for its persuasive
26   value.  *See* Fed. R. App. P. 32.1; 9th Cir. R. 36-3.
     [9] Nor would the presentation of this claim alone necessarily suffice to excuse the procedural
27   default.  For an ineffective assistance of counsel claim to excuse procedural default, the petitioner
     must show that (1) counsel made errors so serious that counsel was not functioning as the counsel
28   guaranteed by Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense.
     *See Loveland v. Hatcher*, 231 F.3d 640, 644 (9th Cir. 2000); *see also Carrier*, 477 U.S. at 486.

United States District Court
Northern District of California

1   misdemeanor, or that the appellate court would have permitted an appeal raising this claim.

2          Finally, Petitioner has not argued, much less demonstrated, that the failure to hear this

3   claim would constitute a "miscarriage of justice."  Petitioner argues that he is legally innocent of

4   violating Cal. Penal Code § 530.5 because caselaw has clarified that his conduct – possessing a

5   stolen credit card and entering a restaurant intending to use the card to purchase food worth $17.00

6   – constituted misdemeanor shoplifting under Cal. Penal Code § 459.5 and could not be charged as

7   anything other than misdemeanor shoplifting.  The Court disagrees.

8          Proposition 47, passed in 2014, reduced the penalties for a number of offenses.  In relevant

9   part, Proposition 47 added Cal Penal Code § 459.5, which re-characterized certain second-degree

10  burglaries as misdemeanor shoplifting.  Cal Penal Code. § 459.5 defined shoplifting as "entering a

11  commercial establishment with intent to commit larceny while that establishment is open during

12  regular business hours, where the value of the property that is taken or intended to be taken does

13  not exceed nine hundred fifty dollars ($950)," and required that such conduct be charged solely as

14  a misdemeanor.  Cal. Penal Code § 459.5; *see also People v. Rivera*, 233 Cal.App.4th 1085, 1091

15  (Cal. Ct. App. 2015).

16         At the time that Petitioner entered his guilty plea, the law was not settled as to whether

17  Proposition 47 and Cal. Penal Code § 459.5(b) required a violation of Cal. Penal Code § 530.5 to

18  be charged as a shoplifting misdemeanor.  However, since then, the California Supreme Court

19  conclusively resolved this issue in *People v. Jimenez*, 9 Cal. 5th 53 (Cal. 2020).  The *Jimenez*

20  court held that a violation of Section 530.5 does not qualify as a theft offense under Cal. Penal

21  Code § 459.5(b) because, although colloquially referred to as identity theft, no burglary or theft

22  offense is committed by violating Section 530.5.

> Section 530.5 criminalizes the willful use of someone's personal identifying information
> for an unlawful purpose, not an unlawful taking. It is not a theft offense because criminal
> liability pivots on how the information was used rather than how it was acquired. The
> offense therefore evinces a concern with the panoply of harms occurring when personal
> information is no longer personal.

26  *Jimenez*, 9 Cal. 5th at 59.  Proposition 47 and Section 459.5(b) apply only to burglary or theft

27  offenses.  *Jimenez* clarified that convictions under Section 530.5 are neither burglary nor theft

28  offenses.  Accordingly, convictions under Section 530.5 are not eligible for reduction to a

1  misdemeanor under Proposition 47.  *Id.* at 36-37.

2  Petitioner also argues that his conduct did not violate Section 530.5 because it differed

3  from what occurred in *Jimenez*.  He notes that he did not use anyone's personal identifying

4  information, while the defendant in *Jimenez* cashed checks that had personal identifying

5  information in the form of an account number.  However, Section 530.55(b) clearly defines

6  personal identifying information to include the "credit card number of an individual person."  Cal.

7  Penal Code §§ 530.5(b) (definition of "personal identifying information" set forth in Section

8  530.55); 530.55.

9  Petitioner's conduct was a willful use of another person's personal identifying information

10  for an unlawful purpose.  Petitioner thus was not legally (or factually) innocent of violating Cal.

11  Penal Code § 530.5.

12  Petitioner's claim has been defaulted by the independent and adequate state procedural rule

13  that required him to obtain a certificate of probable cause prior to challenging the validity of his

14  guilty plea.  The Court may not excuse this procedural default because Petitioner has not shown

15  cause and prejudice for the default or that a fundamental miscarriage of justice will result.

16  **IV.    Voluntary Nature of Guilty Plea**

17  The Court may reach the merits and deny a procedurally defaulted claim.  *Flournoy v.*

18  *Small*, 681 F.3d 1000, 1004 n.1 (9th Cir. 2012); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th

19  Cir. 2002).  Since the state courts did not reach the merits of this claim, this claim is reviewed *de*

20  *novo*.  *Cone v. Bell*, 556 U.S. 449, 472 (2009).

21  **A.    Standard**

22  Due process requires that a guilty plea be both knowing and voluntary because it

23  constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront

24  one's accusers, and the privilege against self-incrimination.  *See Boykin v. Alabama*, 395 U.S. 238,

25  242-43 (1969).  The long-standing test for determining the validity of a guilty plea is "'whether

26  the plea represents a voluntary and intelligent choice among the alternative courses of action open

27  to the defendant.'"  *See Parke v. Raley*, 506 U.S. 20, 29 (1992) (quoting *North Carolina v. Alford*,

28  400 U.S. 25, 31 (1970)).  Of particular importance is that defendant enter a guilty plea with

United States District Court
Northern District of California

United States District Court
Northern District of California

1   sufficient awareness of the relevant circumstances and likely consequences, *see Brady v. United*

2   *States*, 397 U.S. 742, 748 (1970), and with an understanding of the law in relation to the facts, *see*

3   *McCarthy v. United States*, 394 U.S. 459, 466 (1969).  A guilty plea not made voluntarily and

4   intelligently violates due process.  *See Boykin*, 395 U.S. at 242.  A plea is "involuntary" if it is the

5   product of threats, improper promises, or other forms of wrongful coercion, and is "unintelligent"

6   if the defendant is without the information necessary to assess intelligently "the advantages and

7   disadvantages of a trial as compared with those attending a plea of guilty."  *Brady*, 397 U.S. at

8   754-55.

9      **B.      Analysis**

10      Petitioner argues that his guilty plea was unintelligent because he did not have the

11   necessary information to intelligently assess the plea offer, specifically because he was not

12   informed that his conviction offense could have been reclassified as a misdemeanor shoplifting

13   under Proposition 47.  This claim fails.  At the time Petitioner was considering his guilty plea,

14   there was no case law holding that Proposition 47 required his conduct to be classified as

15   misdemeanor shoplifting.  Because this question was unsettled at the time, it would have been

16   inaccurate for trial counsel to tell Petitioner that his conviction offense could have been

17   reclassified as a misdemeanor shoplifting under Proposition 47.  *Cf. Brady v. United States*, 397

18   U.S. 742 (1970) ("voluntary plea of guilty intelligently made in the light of then applicable law

19   does not become vulnerable because later judicial decisions indicate that plea rested on faulty

20   premise") ; *United States v. Pacheco-Navarette*, 432 F.3d 967, 969 (9th Cir. 2005) (guilty plea is

21   not involuntary solely because court did not advise defendant of rights established by subsequent

22   judicial decisions or changes in law).

23      Petitioner contends that numerous cases support his argument that his conduct did not

24   violate Penal Code § 530.5(a) and instead constituted shoplifting under Cal. Penal Code § 459.5.

25   But the cases cited do not support his argument.  Some of the cases cited were decided after

26   Petitioner's guilty plea and/or involved a different charged crime, and are therefore irrelevant as to

27

28

what information was necessary to intelligently assess the plea offer.[10]  Of the cases cited that were decided prior to entry of Petitioner's guilty plea, only one case addressed the applicability of Cal. Penal Code § 459.5 and Proposition 47 to a conviction under Cal. Penal Code § 530.5: *People v. Garrett*, 248 Cal. App. 4th 82 (Cal. Ct. App. 2016).[11]  However, *Garrett* is a decision from California's Sixth Appellate District, while Petitioner was tried and convicted in Napa Superior Court, which in the First Appellate District.  *Garrett* was therefore not binding on the Napa Superior Court.[12]  *Prescod v. Unemployment Ins. Appeals Bd.*, 57 Cal. App. 3d 29, 39 (Cal. Ct.

---

[10] Petitioner cites the following cases which were decided *after* the entry of his guilty plea: *People v. Page*, 3 Cal. 5th 1175, 1187-88 (Cal. Nov. 30, 2017) (vehicle theft under Cal. Veh. Code § 10851); *People v. Bullard*, 9 Cal. 5th 94 (Cal. 2020) (vehicle theft under Cal. Veh. Code § 10851); *People v. Orozco*, 9 Cal. 5th 111 (Cal. 2020) (obtaining property by theft under Cal. Penal Code § 490.2 and receipt of stolen property under Cal. Penal Code § 496d); *People v. Jimenez*, 9 Cal. 5th 53 (Cal. 2020) (violation of Section 530.5 does not qualify as theft offense under Cal. Penal Code § 459.5(b)); *People v. Brayton*, 25 Cal. App. 5th 734, *as modified* (Cal. Ct. App. 2018), *vacated by* No. 2D CRIM. B284408, 2020 WL 3958140 (Cal. Ct. App. July 13, 2020), *and disapproved of by People v. Jimenez*, 9 Cal. 5th 53 (2020) (identity theft under Cal. Penal Code § 530.5(a)); and *People v. Chatman*, 33 Cal. App. 5th 60 (Cal. Ct. App. 2019) (possessing and using stolen checks and credit cards under Cal. Penal Code § 530.5), *reversed in relevant part by* 74 Cal. App. 5th 631, 738 (Cal. Ct. App. 2022) in light of *Jimenez*, 9 Cal. 5th 53 (Cal. 2020).  Because these cases were decided after Petitioner entered his guilty plea, the fact that he did not know about these not-yet-existing legal holdings at the time he was considering his guilty plea is irrelevant.  Regardless, other than *Chatman* and *Brayton*, none of these cases held that a conviction under Cal. Penal Code § 530.5 is eligible for reduction to a misdemeanor, and the relevant holdings in *Chatman* and *Brayton* were vacated after the California Supreme Court's decision in *Jimenez*.

[11] The remaining cases cited did not address a conviction under Cal. Penal Code § 530.5: *People v. Romanowski*, 2 Cal. 5th 903 (Cal. Mar. 27, 2017) (theft of access account information under Cal. Penal Code § 484e); *People v. Garza*, 35 Cal. 4th 866 (Cal. 2005) (post-theft driving under Cal. Veh. Code § 10851(a) and receiving same vehicle as stolen property under Cal. Penal Code § 496(a)); *People v. Perkins*, 244 Cal. App. 4th 129 (Cal. Ct. App. 2016) (receipt of stolen credit cards under Cal. Penal Code § 490.2); *People v. Gonzales*, 2 Cal. 5th 828 (Cal. Mar. 23, 2017) (entering bank to cash forged checks was incorrectly charged as second degree burglary and larceny under Cal. Penal Code §§ 459, 460(a), 475).  *Gonzales* discussed Cal. Penal Code § 530.5, but only in the context of whether the felony burglary charge for cashing stolen checks could be maintained under the alternate theory of entry with intent to comment identity theft under Section 530.5 when the original theory had been entry with intent to commit larceny under Section 459.

[12] At the time that Petitioner pled guilty, California appellate courts were split as to whether Proposition 47 applied to convictions under Cal. Penal Code § 530.5.  *Compare Garrett*, 248 Cal. App. 4th 282 (Cal. Ct. App. 2016)  *with People v. Carrillo*, C No. E063301, 2016 WL 1169245, at *2 (Cal. Ct. App. Mar. 24, 2016) (Fourth Appellate District) ("Proposition 47 did not amend section 530.5, which criminalizes identity theft. (See § 1170.18, subds. (a), (b) [listing statutes amended or added by Proposition 47].) A violation of section 530.5 was and remains chargeable as a felony or a misdemeanor and is punishable accordingly. (§§ 530.5, 1170, subd. (h), 17.)"); *People v. Wilson*, C No. F073318, 2017 WL 1164553, at *2 (Cal. Ct. App. Mar. 29, 2017) (Fifth Appellate District), *vacated* by C No. F073318, 2017 WL 2629146 (Cal. Ct. App. Jun. 19, 2017) ("As the commission of 'identity theft' does not constitute theft under section 484, it is not properly categorized as either grand or petty theft under section 490.2 and, thus, commission of identity theft is not subject to resentencing under Proposition 47."); *People v. Anunson*, C No.

App. 1976) ("Although an opinion of an appellate court in another district may be persuasive, it is not controlling . . .").

Petitioner's claim that he lacked the necessary information to intelligently assess his plea offer is based on the premise that his conduct qualified as misdemeanor shoplifting under Proposition 47 and Section 459.5. But no controlling authority so held at the time he entered his plea, and the California Supreme Court has since definitively rejected Petitioner's argument as a matter of law. The failure to provide legally inaccurate information cannot and did not make Petitioner's plea unintelligent.

Federal habeas relief is denied as to this claim.

## IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

//

//

//

---

C079221, 2016 WL 3583923, at *2 (Cal. Ct. App. Jun. 27, 2016) (Third Appellate District) ("Identity theft is a wobbler that was not reduced to a misdemeanor by Proposition 47. §§ 1170.18, subd. (a), 530.5.)").

United States District Court
Northern District of California

//

# V.  CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED, and a certificate of appealability is DENIED.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated:   4/22/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge